**MILEY v. MARSHALL et al.**

Misc. No. 711.

United States District Court
E. D. Virginia, Alexandria Division.

Oct. 18, 1951.

Edmund D. Campbell, Washington, D. C., Douglas, Obear & Campbell, Washington, D. C., for petitioner.

George R. Humrickhouse, U. S. Atty., Richmond, Va., Burton K. Phillips, Lt. Col. JAGD, Washington, D. C., for respondents.

BRYAN, District Judge.

Contending that he has served the full time required by his commission and the acts of Congress under which he was appointed, the petitioner, a captain, seeks release from the Army of the United States through habeas corpus. Respondents are the Secretary of Defense, the Secretary of the Army, and the Chief of Staff, United States Army, all of whom have appeared and by their return to the writ have denied that the petitioner's period of duty has expired.

He was appointed to his present rank for five years, commencing July 31, 1946, while this country was in a state of war with Germany, and the knot of the case is whether his appointment expires July 31, 1951, or continues in force until six months after the termination of the war with Germany as required by some of the national defense statutes, no proclamation of the war's end having as yet been made.

Petitioner was inducted into the Army of the United States on September 1, 1943 and honorably discharged as an enlisted man on July 10, 1944. On the latter date he was appointed and commissioned a second lieutenant in the Army of the United States. July 19, 1944, he was promoted to first lieutenant and on April 19, 1945 to captain. By general order of the President issued July 31, 1946 petitioner reverted to an inactive status.

Upon his application, dated July 31, 1946, the petitioner was on that day, by direction of the President, appointed captain, Judge Advocate General's Department, Officers' Reserve Corps, in the Army of the United States, the commission issuing on January 23, 1947. The commission stipulated that the appointment should date from July 31, 1946 and that it evidenced "an appointment in the Army of the United States, under the provisions of section 37, National Defense Act, as amended, * * * to continue in force for a period of five years from the date above specified, and during the pleasure of the President of the United States, for the time being." The petitioner accepted the commission. He was ordered to active duty on January 2, 1951. Continuing on active duty until July 31, 1951, the end of the five years specified in his commission, petitioner sought his separation from the service on the ground that his term had ended. His request was refused by the Army upon the premise that his appointment ran until the passage of six months from the official termination of the war.

Petitioner earnestly urges that by War Department Circular No. 61, dated March 2, 1946, he and other temporary officers in the AUS were offered commissions in the Officers' Reserve Corps, upon their release from active duty, "for an initial period of five years"; that these commissions were tendered pursuant to section 37 of the National Defense Act [1], that this section explicitly provides that "Appointments in every case in the Officers' Reserve Corps shall be for a period of five years, but an appointment in force at the outbreak of war shall continue in force until six months after its termination"; that concededly there has been no "outbreak of war" since his appointment on July 31, 1946; and that both his letter of appointment and his commission declare his appointment to be governed by section 37.

Respondents justify their position in section 127a, par. 7, National Defense Act [2], reading: "In time of war or national emergency determined by the President any officer of the Regular Army may be appointed to higher temporary grade without vacating his permanent appointment. In time of war any officer of the Regular Army appointed to higher temporary grade, and all other persons appointed, as officers, shall be appointed and commissioned in the Army of the United States. Such appointments in grades below that of brigadier general shall be made by the President alone, and general officers by and with the advice and consent of the Senate: Provided, That an appointment, other than that of a member of the Regular Army made in time of war, shall continue until six months after its termination, and an officer appointed in time of war shall be entitled to be relieved from active Federal service within six months after its termination if he makes application therefor." They say that this statute qualified section 37 of the Act whenever the appointment to the Officers' Reserve Corps is made in time of war, and that it is controlling though not mentioned expressly in the petitioner's appointment and commission—that no appointment in time of war could be made in derogation of it.

In rebuttal, the petitioner rejoins that section 127a is not, in sound statutory construction, referable to section 37; that, too, it is applicable only to appointments made in war time to the Army of the United States without specification of component, not to appointments specifying the component of the Officers' Reserve Corps; that solely by the force of a joint resolution adopted September 22, 1941,[3] and another

1. 48 Stat. 154, 10 U.S.C.A. § 351 et seq.

2. 48 Stat. 161, 10 U.S.C.A. § 513.

3. 55 Stat. 728, 10 U.S.C.A. § 506d note.

joint resolution passed December 13, 1941,[4] a few days after Pearl Harbor, did Congress extend war time officer appointments in components for the duration of the war and six months thereafter; and that this effect of these two joint resolutions was dissolved by a subsequent joint resolution of Congress, dated July 25, 1947[5] repealing the joint resolution of September 22, 1941 and declaring that in respect to the resolution of December 13, 1941, the war was terminated on July 25, 1947. The joint resolution of September 22, 1941, as amended, 57 Stat. 380, reads: "[T]emporary appointment of officers in the Army of the United States.—That during the present emergency, temporary appointments as officers in the Army of the United States may be made, under such regulations as the President may prescribe, from among qualified persons without appointing such persons as officers in any particular component of the Army of the United States. All persons so appointed as officers shall be commissioned in the Army of the United States and may be ordered into the active military service of the United States to serve therein for such periods of time as the President may prescribe. Such appointments in grades below that of brigadier general shall be made by the President alone, and general officers by and with the advice and consent of the Senate: Provided, That any appointment made under the provisions of this Act may be vacated at any time by the President and, if not sooner vacated, shall continue during the present emergency and six months thereafter: Provided further, That any person appointed as an officer in the Army of the United States under the provisions of this Act shall receive the same pay and allowances and be entitled to the same rights, privileges, and benefits as members of the Officers' Reserve Corps of the same grade and length of active service: Provided further, That no warrant officer temporarily appointed as a commissioned officer under the authority of this Act shall suffer any reduction in pay and allowances to which he was entitled at the time of such temporary appointment: And provided fur-

ther, That nothing contained in this Act shall be construed to prohibit the appointment of officers in the various 'components of the Army of the United States in accordance with existing laws."

So far as applicable, the joint resolution of December 13, 1941 directed the extension of the service periods "of all members of the Army of the United States now or hereafter in or subject to active military service of the United States" for the "existence of any war in which the United States is engaged, and during the six months immediately following the termination of any such war."

Thus narrowed, the decisive issue of this case is whether section 127a, par. 7 of the National Defense Act bears upon the petitioner's appointment and commission. The court thinks it is controlling, and that his maximum term of duty will not be reached until the expiration of six months following the official termination of the war.

█ Regardless of the actual words of an appointment or commission, it is nevertheless qualified, conditioned or otherwise affected by every subsisting and valid act of Congress pertaining to the office, whether or not mentioned, or, indeed, contemplated in the appointment. Moreover, the appointment imposes all such acts of Congress in their full measure; the appointment cannot import less; and the appointing instrument cannot reduce the appointee's obligation by a lighter burden, e. g., a shorter term, than that set by the statutes. Therefore, if section 127a of the National Defense Act fastened the termination-and-six-months clause to every appointment in time of war, then the petitioner's duty period was so conditioned, despite the limitation of five years in the War Department's circulars and regulations, in the appointment or in the commission.

█ The joint resolution of September, 1941, cannot be credited with the power and effect claimed for it by the petitioner. It was adopted in a peace time emergency, less than three months before Pearl Harbor. Primarily, it was to provide during such a

---

4. 55 Stat. 799, 800, 50 U.S.C.A.Appendix, §§ 731–732.

5. 61 Stat. 451, 10 U.S.C.A. § 506d note.

period officers for the Army of the United States without specifying any fixed component, such as the Regular Army, the National Guard or the Officers' Reserve Corps. If the Resolution were in fact also used during war time for appointments to a component, for instance the Officers' Reserve Corps, it merely furnished an additional basis therefor, because section 37 allowed an appointment to the Reserve in war time. The Resolution did not purpose to repeal 37 or 127a. Its last proviso is positive emphasis of a contrary intent. If it be found, as the petitioner charges, that in all the appointments and official regulations made between September, 1941 and July, 1948 the Joint Resolution was treated as the only source of the appointing power for temporary officers, this neglect of 37 and 127a did not nullify them. Administrative practice can never be so influential in its interpretation of statutes. Nor did the repeal of the Joint Resolution leave 37 and 127a sterilized.

Undoubtedly the petitioner's tour of duty is established by section 127a, National Defense Act. Clearly the petitioner was appointed pursuant to the provisions of section 37 of the Act. As we have seen, his letter of appointment as well as his commission relate their authority to section 37. It creates the Officers' Reserve Corps and empowers the President alone to make appointments of officers therein to the grades below that of brigadier general. There is nothing in the law, and particularly nothing in the joint resolution of September 22, 1941, as already indicated, forbidding an appointment by the President in the Officers' Reserve Corps during war time. The court can conceive of no reason for implying any such prohibition.

It is true that section 37 prescribes five years as the period of duty. However, in the same Act, section 127a, par. 7, the Congress has said that in war time all persons "appointed, as officers, shall be appointed and commissioned in the Army of the United States", and that such an appointment "shall continue until six months after" the termination of the war. The court is convinced that the legislative intendment was that this paragraph of 127a

should be applied to the officers appointed during war time to the Officers' Reserve Corps under section 37. The legislative history of this enactment confirms rather than detracts from this conclusion. An appointment to the Officers' Reserve Corps is an appointment to the Army of the United States, because the Reserve Corps is simply a component of that Army. Petitioner's appointment and commission both place him in the Army of the United States. Accordingly, his appointment comes within the purview of section 127a, par. 7 as an appointment to continue until six months after the termination of the war.

The court will adopt this memorandum as a statement of its findings of fact and conclusions of law, and will enter thereon a judgment discharging the writ and dismissing the petition, at the cost of the petitioner.