MaRIs, Circuit Judge (Ret.),
sitting by designation, delivered the opinion of the court:
The plaintiff, a major in the United States Air Force Beserve on active duty, seeks to recover additional longevity pay based on an additional service period of two years, seven months and twenty-three days to which he claims to be entitled but which the Government has refused to credit to him. The period in question ran from July 1, 1948, to February 23, 1951, during which time the plaintiff asserts, and the Government denies, that he was in commission as a captain in the Army of the United States. The plaintiff does not contend that he was on active duty during that period.
It appears from the pleadings that the plaintiff accepted appointment as a 1st Lieutenant in the Army of the United States on June 11, 1942, and entered on active duty on June 24, 1942. On October 8, 1943, he was promoted to captain in the Army of the United States, effective on that date, for the duration of the emergency and six months thereafter. He continued on active duty until relieved therefrom on December 3, 1944. On October 19, 1950. the plaintiff was appointed a captain in the United States Air Force Beserve, which appointment he accepted on February 24, 1951. He was on active duty for training from May 15,1951, to August 12, 1951. On October 23, 1951, he was promoted to major. *207 He was ordered to active duty as a major on April 7, 1952, and is still serving on active duty in that grade.
The basic facts not being in dispute, both the plaintiff and the Government have moved for summary judgment.
The case turns upon the answer to the question whether the plaintiff’s commission as a captain in the Army of the United States continued in. effect after July 1, 1948, and until February 24, 1951, when he accepted appointment as a captain in the United States Air Force Reserve. The answer to this question in turn depends on whether the plaintiff’s appointment on October 8, 1943, during wartime as a captain in the Army of the United States was made under the authority of the Joint Resolution of September 22,1941,55 Stat. 728, as the Government contends, or whether it was made under the seventh paragraph of section 127a of the National Defense Act, 41 Stat. 785, as amended by section 20 of the Act of June 15, 1933, 48 Stat. 161, as the plaintiff urges. For the Joint Resolution of September 22, 1941, was repealed effective July 1,1948, by section 2a of the Joint Resolution of July 25, 1947, 61 Stat. 451, and the Government contends that the commissions issued under the authority granted by the Joint Resolution of September 22, 1941, necessarily terminated upon its repeal, unless saved by other legislation of which there was none applicable to the plaintiff’s case.
It appears that the plaintiff’s promotion to captain in the Army of the United States was stated in the letter of October 8, 1943, which he received from the Headquarters, North African Theatre of Operations, United States Army, to have been made “under the provisions of Section 127a, National Defense Act, as amended.” This is the basis of his claim to have been appointed under the seventh paragraph of section 127a of the National Defense Act, as amended. The Government, however, contends that the seventh paragraph of section 127a, as amended, did not itself authorize any appointments except the appointment in time of war of Regular Army officers to higher temporary grades. The Government urges, therefore, that in spite of the specific reference to section 127a contained in the plaintiff’s appointment letter of October 8, 1943, the appointment must in fact have been *208 made under the authority given by the Joint Resolution of September 22, 1941, which did confer upon the President specific power, during the emergency, to make temporary appointments as officers in the Army of the United States from among any qualified persons.
The provisions of the seventh paragraph of section 127a of the National Defense Act, as amended, and of the Joint Resolution of September 22,1941, are set out in a footnote.[1] After careful study of them we are satisfied that the Government’s contention is correct.
Turning to the language of the seventh paragraph of section 127a, as amended, it will be observed that the first sentence did confer authority to make appointments in time of war. But this authority is confined to the appointment to higher temporary grades of officers of the Regular Army. On the other hand, the Joint Resolution of September 22, 1941, *209 conferred authority during the existing emergency to appoint any qualified person as an officer in the Army of the United States and provided for his pay, allowances, rights, privileges and benefits. The plaintiff relies on the second and third sentences of the seventh paragraph of section 127a, which read as follows:
In time of war any officer of the Regular Army appointed to higher temporary grade, and all other persons appointed, as officers, shall be appointed and commissioned in the Army of the United States. Such appointments in grades below that of brigadier general shall be made by the President alone, . . .: Provided, That an appointment, other than that of a member of the Regular Army made in time of war, shall continue until six months after its termination, and an officer appointed in time of war shall be entitled to be relieved from active Federal service within six months after its termination if he makes application therefor.
We think, however, that the provisions just quoted were not intended to provide new or additional authority for the appointment of officers but were designed merely to insure that all officers who might be appointed under any statutory authority in wartime (except those permanently appointed in the Regular Army) should be commissioned in the Army of the United States to serve until six months after the termination of the war. Miley v. Lovett, 4 Cir. 1952, 193 F. 2d 712, cert. den. 342 U.S. 919. The reference in the second sentence to “any officer of the Regular Army appointed to higher temporary grade” obviously refers to such officers appointed under the authority expressly conferred by the first sentence of the paragraph. By the same token the reference in the second sentence to “all other persons appointed, as officers” must refer to persons appointed under some other statutory authority. For the sentence itself gives no authority to appoint such persons but merely requires that if they are appointed it shall be in the Army of the United States.
At the time of the enactment of the seventh paragraph of section 127a of the National Defense Act in its amended form by the Act of June 15, 1933, 48 Stat. 161, sections 37 and 38 of the National Defense Act authorized the appoint *210 ment of persons as officers in the Officers’ Reserve Corps and the National Guard of the United States, respectively. These were thus evidently the categories of “other persons appointed as officers” to which the second sentence of the seventh paragraph'of section 127a referred. To these were added after the emergency which was declared prior to the outbreak of the war in 1941 all those persons appointed as officers in the Army of the United States generally without component under the authority conferred by the Joint Resolution of September 22, 1941. It appears that a directive issued by the Adjutant General on order of the Secretary of War on November 7,1941, required all persons commissioned as officers during the emergency to be appointed in the Army of the United States under that Joint Resolution with exceptions not here material. It follows that the plaintiff’s wartime appointment as a captain in the Army of the United States must be held to have been in fact made under the Joint Resolution and not under section 127a of the National Defense Act as erroneously stated in his letter of appointment.
The question remains whether the repeal of the Joint Resolution of September 22, 1941, by section 2a of the Joint Resolution of July 25, 1947, which repeal took effect on July 1, 1948, operated to terminate on that date the plaintiff’s appointment as captain in the Army of the United States. We think it is clear that the repeal of the Joint Resolution did have that effect. For the repeal of a law creating an office abolishes the office. Lewis v. United States, 1917, 244 U.S. 134; 42 Am. Jur. Public Officers § 35; 67 G.J.S. Officers § 10. It is only if its existence is saved by some other legal provision that the office continues in existence after the repeal of the Act which created or authorized it. Here the Joint Resolution of July 25, 1947, which repealed the Joint Resolution of September 22, 1941, did contain, in a proviso to that repeal, a clause saving for a longer period the commissions of certain officers who had completed courses of medical instruction at Government expense. The inclusion of this saving clause in the repealer is, however, a clear indication of the Congressional understanding and intent that other appointments made under the Joint Resolution were not to *211 survive its repeal on July 1, 1948. In reaching this conclusion we are in accord with a well reasoned decision of the Comptroller General. 35 Comp. Gen. 191.
The Government suggests, in the alternative, that the plaintiff’s appointment as captain actually terminated on January 25, 1948, in view of the provisions of section 2 of the Joint Eesolution of December 13,1941, 55 Stat. 800, which, it says, extended his appointment for the period of the existence of the war and the period of six months immediately following its termination, and in the light of the effect thereon of section 3 of the Joint Eesolution of July 25,1947, 61 Stat. 451-452, which declared that its effective date, July 25, 1947, should be deemed to be the date of the termination of the war for the purposes of section 2 of the Joint Eesolution of December 13,1941. The Government concedes, however, that the plaintiff has been credited with service between January 25, 1948, and June 30, 1948, and does not contend that this credit was erroneously given. We, therefore, need not pass upon this alternative contention.
We conclude that the plaintiff’s appointment as a captain in the Army of the United States terminated on July 1,1948, and that he is, therefore, not entitled to the benefit of the period July 1, 1948, to February 23, 1951, in computing his longevity for purposes of determining his pay. The motion of the plaintiff for summary judgment will accordingly be denied and the motion of the Government for summary judgment in its favor will be granted. Plaintiff’s petition will be dismissed.
It is so ordered.
Laramore, Judge; MaddeN, Judge; Whitaker, Judge, and Jones, Chief Judge, concur.

The seventh paragraph of section 127a of the National Defense Act, as amended by section 20 of the Act of June 15, 1933, was as follows:
“In time of war any officer of the Regular Army may be appointed to higher temporary grade without vacating his permanent appointment. In time of war any officer of the Regular Army appointed to higher temporary grade, and all other persons appointed, as officers, shall be appointed and commissioned in the Army of the united States. Such appointments in grades below that of brigadier general shall be made by the President alone, and general officers by and with the advice and consent of the Senate: Provided, That an appointment, other than that of a member of the Regular Army made in time of war, shall continue until six months after its termination, and an officer appointed in time of war shall be entitled to be relieved from active Federal service within six months after its termination if he makes application therefor.” 48 Stat. 161-162.
The Joint Resolution of September 22, 1941, was as follows:
“That during the present emergency, temporary appointments as officers in the Army of the united States may be made, under such regulations as the President may prescribe, from among qualified persons without appointing such persons as officers in any particular component of the Army of the United States. All persons so appointed as officers shall be commissioned in the Army of the united States and may be ordered into the active military service of the United States to serve therein for such periods of time as the President may prescribe. Such appointments in grades below that of brigadier general shall be made by the President alone, and general officers by and with the advice and consent of the Senate: Provided, That any appointment made under the provisions of this Act may be vacated at any time by the President and, if not sooner vacated, shall continue during the present emergency and six months thereafter: Provided further, That any person appointed as an officer in the Army of the United States under the provisions of this Act shall receive the same pay and allowances and be entitled to the same rights, privileges, and benefits as members of the Officers’ Reserve Corps of the same grade and length of active service: And provided further, That nothing contained in this Act shall be construed to prohibit the appointment of officers in the various components of the Army of the United States in accordance with existing laws.” 55 Stat. 728-729.