Bernice **BENNETT**, Plaintiff–Appellant, Cross–Appellee,

v.

**CORROON & BLACK CORP.**, et al., Defendants–Appellees, Cross–Appellants.

No. 87–3474.

United States Court of Appeals, Fifth Circuit.

May 12, 1988.

Rehearing Denied June 9, 1988.

David W. Oestreicher, II, Oestreicher, Whalen & Hackett, New Orleans, La., for plaintiff-appellant, cross-appellee.

Dermott S. McGlinchey, Robert B. Mitchell, Eve Barrie Masinter, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for defendants-appellees, cross-appellants.

Before REAVLEY, KING and SMITH, Circuit Judges.

REAVLEY, Circuit Judge:

Bernice Bennett brought this Title VII suit against her employer, Corroon & Black of Louisiana, Inc., alleging sexual harassment. The district court rendered summary judgment in favor of the employer. Though we are in disagreement with the grounds stated by that court, we affirm the judgment.

### A.

On December 5, 1985 Bennett was told by a fellow employee that there were obscene cartoons bearing her name posted in the public men's room of their office building. At the end of that day Bennett obtained four of the cartoons, which are before us in this record and which depict her engaged in crude and deviant sexual activities. Obscene cartoons had been posted in the men's room for approximately a week, and those labeled with Bennett's name were seen by the chief executive officer of defendant employer on the morning of December 5. After seeing them, he did nothing to have them removed until the following day when he learned of Bennett's reaction to them.

The realization that these cartoons had been visible to any male co-employee or client using the facility was extremely embarrassing and upsetting to Ms. Bennett. She left her office on December 5 and did not return to her work for this employer. She obtained other employment on February 17, 1986, which continued until Septem-

ber 15, 1986, when she voluntarily terminated that employment. Shortly after the Bennett incident, and in part because of it, the parent company of defendant employer removed the chief executive officer of the employer corporation. The employer then assured Bennett of the good opinion that management and the other employees held for her and requested on numerous occasions that she return to her job. However, she refused. The employer continued to pay Bennett her full salary from the time she left on December 5 until the day before she began her new job in February of 1986. Bennett sought psychiatric counseling, and the full cost of those medical bills was paid by the employer. The record reflects no unpaid bills or charges to Bennett related to this incident.

### B.

The district court gave three reasons for rendering summary judgment in favor of the employer: (1) that the alleged harassment was not based upon the sex of the plaintiff, (2) that the incident was isolated and did not rise to the pervasive severity required to be a Title VII violation, and (3) because prompt and decisive corrective action was taken by the employer so as to preclude respondeat superior liability. We consider the first and third grounds clearly erroneous. Any reasonable person would have to regard these cartoons as highly offensive to a woman who seeks to deal with her fellow employees and clients with professional dignity and without the barrier of sexual differentiation and abuse. This is a perfect matrix to grow the hostile environment subjecting a woman to the discriminatory intimidation, ridicule, and insult which Title VII protects against. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986); *Jones v. Flagship Int'l.*, 793 F.2d 714, 720 (5th Cir.1986); *Rabidue v. Osceola Refining Co.*, 805 F.2d 611, 619 (6th Cir. 1986); *Katz v. Dole*, 709 F.2d 251, 254 (4th Cir.1983).

The third ground for the district court judgment is clearly erroneous for the reason that the chief executive officer of the defendant employer saw the offensive cartoons and allowed them to remain where they were. If the necessary proof of pervasive nature of sexual harassment were made, management had notice of the problem.

As for the second ground of the judgment, this summary judgment record presents meager proof of the conditions required by *Meritor Savings Bank, FSB v. Vinson*, 106 S.Ct. at 2406. There, the Supreme Court held that "[f]or sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive environment' [citing *Henson v. Dundee*, 682 F.2d 897, 904 (11th Cir. 1982) ]." Whether an issue is raised to overcome a motion for summary judgment we need not decide, because we affirm the judgment for the reason Bennett is not entitled to any further relief.

### C.

Only equitable relief is available under Title VII. *Miller v. Tex. State Bd. of Barber Examiners*, 615 F.2d 650, 654 (5th Cir.1980). The object of that equitable relief under 42 U.S.C. § 2000e–5(g) is to restore the victim of discrimination to fruits and status of employment as if there had been no discrimination. The employer here promptly changed management and did not discharge Bennett but continued to pay her in full until she obtained employment elsewhere. No equitable relief would be appropriate under the facts of this record. Bennett raised no issue in the record about unpaid medical expenses or lost economic opportunities due to this incident. She argues on appeal that she should obtain compensatory damages for mental anguish and also punitive damages. That is unobtainable legal relief, not equitable relief. *Miller v. Tex. State Bd. of Barber Examiners*, 615 F.2d at 654. Virtually all precedent rejects the award of compensatory damages in Title VII actions. *See Walker v. Ford Motor Co.*, 684 F.2d 1355, 1363–64 (11th Cir.1982); B. Schlei and P. Grossman, *Employment Discrimina-*

*tion Law* 1452 (2d Ed.1983), and 352 (2d Ed.Supp.1985).

■ There being no relief available to the plaintiff under Title VII, the dismissal of the cause was proper. We reject the defendant's request for attorney's fees and costs pursuant to 42 U.S.C. § 2000e–5(k), 28 U.S.C. § 1927 and Fed.R.Civ.P. 11, because we do not find that the plaintiff's complaint was frivolous, unreasonable, without foundation, or filed in bad faith.

AFFIRMED.