878 F.2d 1430
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John L. NELSON, Plaintiff-Appellee,
v.
Sylvia REISHER, Division Director, Client Services,
Department of Services and Programs for the Aging,
Prince George's County, Defendant-Appellant,
and
Prince George's County, Sue F. Ward, Director, Department of
Services and Programs for the Aging, Prince
George's County, Mary Godfrey, Director
of Personnel, Prince George's
County, Defendants.
John L. NELSON, Plaintiff-Appellant,
v.
PRINCE GEORGE'S COUNTY, Sue F. Ward, Director, Department of
Services and Programs for the Aging, Prince George's County,
Sylvia Reisher, Division Director, Department of Services
and Programs for the Aging, Prince George's County, Mary
Godfrey, Director of Personnel, Prince George's County,
Defendants-Appellees.
John L. NELSON, Plaintiff-Appellee,
v.
PRINCE GEORGE'S COUNTY, Sue F. Ward, Director, Department of
Services and Programs for the Aging, Prince George's County,
Mary Godfrey, Director of Personnel, Prince George's County,
Defendants-Appellants,
and
Sylvia Reisher, Division Director, Client Services
Department of Services and Programs for the Aging,
Prince George's County, Defendant.
 No. 88-1133.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1989.
Decided July 3, 1989.
 
 Sean Daniel Wallace, Associate County Attorney (Michael P. Whalen, County Attorney, Steven M. Gilber, Zanecki, Lally and McDonough on brief) for appellants.
 Susanne Koster Henley (Legum & Henley, P.A. on brief) for appellee.
 Before MURNAGHAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and HARVEY, Chief Judge, United States District Court for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Sylvia Reisher appeals the magistrate's decision holding her liable for sexual harassment of John L. Nelson and awarding Nelson his costs and $1,500 in compensatory damages. We affirm.
 
 
 2
 * Nelson is a social worker employed by the Prince George's County, Maryland, Department of Aging. He alleged that, in the course of his employment, he suffered harassment and race and sex discrimination, in violation of 42 U.S.C. Secs. 1981 & 1983, and title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e. He claimed that he had been denied a promotion and an appropriate job classification because of his sex and race and that Reisher had harassed him because he is male. Nelson sued Reisher, his immediate supervisor, as well as Sue F. Ward, the department's director, Mary Godfrey, Prince George's County personnel director, and the county itself.
 
 
 3
 In the district court, the parties consented to a bench trial before a magistrate. The magistrate concluded Nelson had failed to prove that the disputed promotion and job-classification decisions resulted from race or sex discrimination and dismissed all the defendants on these claims.* The magistrate held for Nelson on his sexual harassment claim, finding that Reisher harassed Nelson because he is male and that this harassment created a hostile working environment and was actionable under title VII and section 1983.
 
 II
 
 4
 Reisher asserts that the magistrate's findings and decision were not supported by the evidence. A district court's factual finding in a title VII action "may be overturned on appeal only if it is clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 566 (1985); see Fed.R.Civ.P. 52(a). Only if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed" may it reverse the district court's finding. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). The Supreme Court has emphasized the extremely high degree of deference we owe to a district court sitting as fact-finder. "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Anderson, 470 U.S. at 573-74.
 
 
 5
 Here, the magistrate found that Reisher "inundated [Nelson] with memos and notes concerning his conduct" without justification over a three-year period and that her complaints had little or no factual basis, but were designed "to harass and intimidate" Nelson. He further found that Reisher "treated [Nelson] differently than female members of her staff." Based on these findings, the magistrate drew the inference that Reisher's harassment of Nelson was based on Nelson's sex.
 
 
 6
 We cannot say that the magistrate's findings are clearly erroneous. The evidence showed numerous examples of Reisher's hectoring memoranda. The magistrate credited Nelson's testimony concerning his disputatious relationship with Reisher and the incidents in which she attempted to reprimand him. Although the record is somewhat equivocal as to whether Reisher harassed Nelson as constantly as the findings suggest, nonetheless, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson, 470 U.S. at 574. The magistrate's fact-findings are plausible and supported by evidence. They must be sustained.
 
 III
 
 7
 Reisher suggests that sexual harassment is only actionable if the objectionable conduct relates directly to sexual relations. Nothing in the cases interpreting title VII's use against sexual harassment compels this conclusion. "[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." Meritor Savings Bank v. Vinson, 477 U.S. 57, 66 (1986). When Congress enacted title VII, it intended " 'to strike at the entire spectrum of disparate treatment of men and women' " in employment. City of Los Angeles v. Manhart, 435 U.S. 702, 707 n. 13 (1978) (quoting Sprogis v. United Air Lines, Inc., 444 F.2d 1194, 1198 (7th Cir.1971)).
 
 
 8
 The Supreme Court held that harassment is actionable if it is "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.' " Meritor Savings Bank, 477 U.S. at 67. The magistrate found that Reisher harassed Nelson and the source of her animus was that he is male. Based on this finding, the magistrate correctly characterized Nelson's claim as one for sex-based harassment under title VII and section 1983.
 
 IV
 
 9
 Reisher asserts that, even if the magistrate was correct in finding for Nelson on the harassment claim, he erred in awarding Nelson costs and $1,500 in compensatory damages. She suggests that it was inappropriate to award costs to Nelson because he prevailed on only one of his claims and cannot be considered a "prevailing party" under Federal Rule of Civil Procedure 54(d). Reisher argues that Nelson cannot receive compensatory damages because his harassment claim was brought under title VII, under which compensatory damages are unavailable and only equitable relief may be granted. See 42 U.S.C. Sec. 2000e-5(g); Bennett v. Corroon & Black Corp., 845 F.2d 104, 106 (5th Cir.1988).
 
 
 10
 Rule 54(d) commits an award of costs to the district court's discretion. See Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233-35 (1964). The magistrate did not abuse its discretion in allowing costs to Nelson, who prevailed on the critical issue of sexual harassment.
 
 
 11
 The magistrate noted that Nelson sought relief under 42 U.S.C. Secs. 1981 & 1983 as well as title VII. To be sure, he characterized title VII as "the relevant law" in the case. He adopted a lengthy excerpt from Reisher's proposed memorandum of law, including the statement that "the Plaintiff does not seek any relief under 42 U.S.C.1981 and 42 U.S.C.1983 that is not also available to him under Title VII." It is clear from the context of the statement that Reisher was referring to the elements of a sexual harassment claim for establishing liability. The statement was not made in connection with an award of either damages or equitable relief. The magistrate did not specify whether Nelson's entitlement to damages derives from section 1983 or title VII. Claims of sexual harassment in public employment are cognizable under section 1983 as well as under title VII. See Dwyer v. Smith, 867 F.2d 184, 191-92 (4th Cir.1989). Compensatory damages are recoverable under section 1983. See Carey v. Piphus, 435 U.S. 247, 254-57 (1978). The compensatory damage award here was permissible under 42 U.S.C. Sec. 1983.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Nelson originally took a cross-appeal from this decision. At oral argument, however, his lawyer informed the court that he no longer wished to press his cross-appeal. Accordingly, we do not consider it