**Julie MOFFITT, Plaintiff,**

v.

**BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, INC. and Sunburst Bank, a/k/a Grenada Banking System, Defendants.**

**No. DC88–122–S–O.**

United States District Court, N.D. Mississippi, Delta Division.

Oct. 12, 1989.

Ralph Chapman and Dana Swan, Clarksdale, Miss., for plaintiff.

Paul O. Miller, III, Jackson, Miss., for defendants.

## OPINION

SENTER, Chief Judge.

This is an action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) for discriminatory firing and under either state law or the Employee Retirement Income Security Act (29 U.S.C. § 1001 et seq.) for wrongful refusal to continue plaintiff's health insurance benefits following the termination. The plaintiff seeks $250,000.00 in compensatory damages for unpaid medical expenses which she contends would have been covered under the policy of insurance which the defendant refused to continue in force, as well as for emotional distress. She also seeks $2,000,000.00 in punitive damages.

## I. FACTS

On July 28, 1987, the plaintiff was fired from her job with Sunburst Bank. The stated reason for her discharge was that she had cashed a check for a fellow employee and held the check in her cash drawer until the fellow employee was paid and could cover the check. The plaintiff alleges that her discharge was an act of sex discrimination in that male employees had done the same thing but had not been fired as a result.[1]

---

1. In her complaint the plaintiff alleged that the firing was in violation of her rights under the constitutions of both the United States and the State of Mississippi. The defendant sought dis-

Sunburst Bank's Employee Health Benefit Plan provided for continuation coverage for a period of eighteen months[2] for employees who were terminated for misconduct that did not amount to gross misconduct. The plaintiff was a participant in this plan prior to her termination. It is undisputed that bank officials made the decision to deny continuation coverage to plaintiff. At the time of her discharge, the plaintiff was approximately eight months pregnant. The plaintiff contends that the refusal to allow continuation coverage was made with callous indifference to her rights. She also asserts that Sunburst officials committed an act of fraud when they told her that she was not entitled to continuation coverage under either federal law or the terms of the plan.

Sunburst argues that its Employee Health Benefit Plan is an employee welfare benefit plan covered by ERISA; that ERISA preempts the plaintiff's state law fraud claim; that the plaintiff cannot recover punitive damages under either ERISA or Title VII; and that the plaintiff is not entitled to a jury trial under either ERISA or Title VII.

## II.  CONCLUSIONS OF LAW

### A.  ERISA PREEMPTION

■ It is undisputed that the health care plan involved in this case is governed by ERISA. Included within the statutory definition of an employee welfare benefit plan is "any plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care benefits." 29 U.S.C. § 1002(1). In passing ERISA, Congress intended to bring the many employee benefit plans established in the various states under federal control for the purpose of establishing uniform nationwide "standards of conduct, responsibility, and

obligation for fiduciaries of employee benefit plans, ... appropriate remedies; sanctions, and ready access to the federal courts." 29 U.S.C. § 1001(b). In order to further these purposes, Congress expressly stated its intention to preempt "all state laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). "A state law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). State statutory or common-law causes of action for breach of the terms of an employee benefit plan are preempted by ERISA. *Light v. Blue Cross and Blue Shield of Alabama,* 790 F.2d 1247 (5th Cir.1986). In essence, the plaintiff's fraud and gross indifference claims are claims under Mississippi's law of "bad faith" which was held to be preempted by ERISA in *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The plaintiff cannot escape the result of this case merely by artfully avoiding the use of the term bad faith. Clearly the plaintiff is contending that she is entitled to punitive damages under state law for tortious breach of contract.

The plaintiff attempts to avoid the preemptive effect of ERISA by contending that the state law claims she asserts are too tenuous, remote, or peripheral to be seen as relating to the employee benefit plan. The theory behind this argument is clearly supported by case law. *See, e.g., Shaw v. Delta Air Lines, Inc.,* 463 U.S. at 100, n. 21, 103 S.Ct. at 2901, n. 21; *Hartle v. Packard Electric,* 877 F.2d 354 (5th Cir. 1989). However, the plaintiff's claims simply do not fit within this exception to ERISA preemption. In fact, the principal case on which the plaintiff relies makes it clear that any action to recover benefits under a plan must be brought under ERISA alone. *Hartle,* 877 F.2d at 356. In

---

missal of these claims. The plaintiff has confessed this portion of the defendant's motion.

**2.** The provision in the health care plan for continuation coverage is required by Title X of the

Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) (codified at 29 U.S.C. §§ 1161–1168) which amended ERISA.

her brief, the plaintiff argues that her causes of action for intentional infliction of emotional distress and intentional disregard of her rights "are not remotely connected with the plan." That this contention is specious is made clear by the plaintiff's admission in the next sentence that "the plan was merely the vehicle through which [Sunburst officials] carried out their intentional harm of plaintiff." At its core, this is a suit to recover benefits under an ERISA plan. If the state law claims were not preempted, it is clear beyond any doubt that the plaintiff could not recover under any of those theories unless she first proved that she was entitled to benefits under the plan. The rights she claims that she was intentionally deprived of are rights created by the plan and by ERISA itself. Thus, all of the plaintiff's state law claims are clearly preempted.

### B. COMPENSATORY AND PUNITIVE DAMAGES

Given the foregoing analysis, the plaintiff's demand for compensatory and punitive damages must be stricken unless recovery of such damages is allowed under either ERISA or Title VII.

■ The question of the recovery of such damages under Title VII has been entirely foreclosed by the Fifth Circuit's decision in *Bennett v. Corroon & Black Corp.*, 845 F.2d 104 (5th Cir.1988). "Only equitable relief is available under Title VII." *Id.* at 106. *See* 42 U.S.C. § 2000e–5(g). Neither punitive damages nor compensatory damages for mental anguish are equitable in nature.

■ In pertinent part, ERISA provides that

A civil action may be brought—

(1) by a participant or beneficiary—

  (A) for relief provided for in subsection (C) of this section, or

  (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) By a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

(4) by the Secretary, or by a participant or beneficiary for appropriate relief in the case of a violation of 1025(e) of this title;

29 U.S.C. § 1132. Taking each of these subsections in turn, it is clear that ERISA does not provide for the recovery of either punitive or extracontractual compensatory damages. Subsection 1 provides for the recovery of benefits due under the terms of the plan as well as the relief provided by § 1132(C). That subsection provides for penalties for failure to comply with requests for information and, thus, is not applicable in this case. Subsection 2 provides a private remedy for violations of § 1109, which, in turn, establishes the scope of liability for a fiduciary who breaches his fiduciary duties. Any contention that punitive damages are available for breach of fiduciary duty is foreclosed in this circuit. *Sommers Drug Stores v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1462–65 (5th Cir.1986). Subsection 3 provides for equitable relief only, which, as noted above, does not include punitive damages or compensatory damages for mental anguish or emotional distress. Subsection 4 provides for appropriate relief for violation of § 1025(c). No claim that the reporting requirements imposed by that section were violated has been raised by the plaintiff.

Because neither ERISA nor Title VII provide for the recovery of punitive or extracontractual compensatory damages, the plaintiff's demands for such damages must be stricken.

## C. TRIAL BY JURY

 The plaintiff has demanded a jury trial and the defendant has moved the court to strike that demand. It is well established that there is no right to trial by jury under Title VII. *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir.1969). Nor is there a right to trial by jury under ERISA when the relief sought is essentially equitable in nature. *Calamia v. Spivey,* 632 F.2d 1235, 1237 (5th Cir.1980). Although the case sub judice is brought to recover benefits due under the terms of the plan, this suit is still one that is essentially equitable in nature. The mere fact that the plaintiff would receive a monetary award if she prevailed "does not compel the conclusion that she is entitled to a jury trial." *Id.* at 1236–37. Every circuit court of appeals that has addressed the question whether the causes of action created by § 1132(a)(1)(B) are equitable in nature has held that they are. *See Pane v. RCA Corp.,* 868 F.2d 631, 636 (3rd Cir. 1989) and the cases cited therein.

Because the plaintiff is not entitled to trial by jury under either ERISA or Title VII, her demand for jury trial must be stricken.

## III. CONCLUSION

The plaintiff's state law claims are preempted by ERISA. Because only her ERISA and Title VII claims survive and neither of those statutes provides for either punitive or extracontractual compensatory damages or trial by jury, the demands for those forms of relief and for jury trial shall be stricken.

An appropriate order will be entered.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT AND STRIKING JURY DEMAND

This matter is before the court on the defendant's motion for partial summary judgment to the effect that the plaintiff's state law claims are preempted by ERISA and that the plaintiff is not entitled to punitive or compensatory damages. The defendant also seeks to have the plaintiff's demand for a jury trial stricken. For reasons fully set out in an accompanying opinion, the court finds that the motion is well taken in all regards.

Therefore, IT IS ORDERED:

That the plaintiff's state law claims are dismissed with prejudice; and

That the plaintiff's prayer for punitive and compensatory damages and her demand for jury trial are stricken.