Rufus **HAMPTON**, Plaintiff–Appellant,

v.

**INTERNAL REVENUE SERVICE**, et al., Defendants–Appellees.

No. 90–1133

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 12, 1990.

Rufus Hampton, Dallas, Tex., pro se.

Stafford Hutchinson, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for defendants-appellees.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:

In December, 1986, Rufus Hampton, then an employee of the Internal Revenue Service, filed an EEO complaint with the Treasury Department alleging that his reassignment to a non-management position had been racially discriminatory. In February, 1987, Hampton filed another such complaint, this time alleging harassment and threats of reprisal. In October, 1987, the Internal Revenue Service dismissed Hampton and advised him of his right of appeal to the Merit Systems Protection Board. After his dismissal, Hampton never filed such an appeal; nor did he file an EEO complaint with the Treasury Department or a grievance with the IRS. Also, Hampton never filed a written administrative tort claim with the Department of

Treasury. Notwithstanding Hampton's termination, the Office of Equal Opportunity Programs continued to process Hampton's 1986 and 1987 discrimination complaints, which had been filed while Hampton was still an IRS employee, and ultimately rendered a final agency decision adverse to Hampton in February, 1989. The following month, Hampton brought this suit in the district court asserting claims against the IRS of race discrimination, retaliation, and discriminatory treatment in federal employment. Hampton subsequently amended his complaint to include his immediate supervisor, Eddie Herrera, and to add a tort claim of intentional infliction of emotional distress. In January of 1990, the district court granted the IRS's motion to dismiss the case. Hampton then brought this appeal. We affirm.

## I.

We have held that, before a federal employee may bring an employment-discrimination suit in federal court, he must first exhaust available administrative remedies. *Porter v. Adams*, 639 F.2d 273 (5th Cir.1981). Termination of employment triggers a right of administrative appeal to the Merit Systems Protection Board. 5 U.S.C.A. §§ 7512, 7513 (West 1980). Termination based upon race creates a right of appeal to the Office of Equal Opportunity of the relevant department, here the Department of the Treasury, or to the Equal Employment Opportunity Commission. 42 U.S.C.A. § 2000e–16 (West 1981). The district court held that, since Hampton never challenged his termination through any of these administrative avenues, he was not entitled to seek redress in federal court for his allegedly discriminatory termination. We agree.

We also agree with the district court's refusal to relax the exhaustion requirement in this case. Hampton claims that, because he was in a mental hospital for thirty days following his termination, the time period for filing his administrative claims should be tolled. The court correctly stated, however, that "at best, such tolling would pro-vide plaintiff additional time to proceed before the appropriate agency. It would not excuse the exhaustion requirements." Memorandum Opinion and Order Granting Motion to Dismiss 3 n. *.

The district court further held that Hampton's prior discrimination claims, which were pending at the time he was fired, were rendered moot by his termination. Title VII provides only for equitable relief. *Bennett v. Corroon & Black Corp.*, 845 F.2d 104, 106 (5th Cir. 1988), *cert. denied*, 489 U.S. 1020, 109 S.Ct. 1140, 103 L.Ed.2d 201 (1989). Thus, because Hampton never claimed that alleged discriminatory actions resulted in a decrease in his wages, the only possible relief he is entitled to is an injunction requiring that he be restored to his former assignment or granted the transfer allegedly denied him on the basis of race and that his supervisor stop harassing him. The district court held, however, that Hampton's claims for such relief are now moot, because Hampton no longer works for the IRS and has no possibility of being restored to his position, since, as discussed above, he failed to pursue the administrative remedies available to him in regards to his termination. *Compare DuVall v. Postmaster General*, 585 F.Supp. 1374, 1377 (D.D.C.1984) (where postal employee had been fired and had no possibility of reinstatement, prior complaints of discrimination for which he could receive only an injunction were moot), *aff'd without opinion*, 774 F.2d 510 (D.C.Cir.1985) *with Katz v. Dole*, 709 F.2d 251, 253 n. 1 (4th Cir. 1983) (where air traffic controller was pursuing her administrative remedies regarding her termination, prior complaints of sex discrimination were not moot).

We agree with this reasoning and with the court's holding that these claims, being moot, cannot be adjudicated, *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974).

## II.

The district court also held, correctly, that Hampton's tort claims were barred. It is well settled that the provisions of Title

VII of the Civil Rights Act applicable to claims of racial discrimination in federal employment are the exclusive and preemptive remedy for such claims. *Brown v. General Serv. Admin.*, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976); *Newbold v. United States Postal Service*, 614 F.2d 46 (5th Cir.1980), *cert. denied*, 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980); *Porter*, 639 F.2d at 278; 42 U.S. C.A. § 2000e–16 (West 1981). Equally well settled is the principle that damage claims in Title VII cases sounding in tort are barred as a matter of law. Only equitable relief is available. *Bennett*, 845 F.2d 104.

 Finally, the district court correctly held that Hampton cannot circumvent the administrative-exhaustion requirement by suing his supervisor individually in tort. *Bush v. Lucas*, 462 U.S. 367, 390, 103 S.Ct. 2404, 2417, 76 L.Ed.2d 648 (1983) (barring recovery against federal employer's supervisor for defamation). Although Hampton complains that his supervisor, among other things, continually harassed him, this is precisely the sort of complaint that *Bush* teaches must be pursued through the proper administrative channels set up by Congress to provide remedies for federal employees' employment complaints. *Id.* For these reasons, we agree with the district court's decision to dismiss the tort claims against Herrera individually.

AFFIRMED.