946 F.2d 1566
 292 U.S.App.D.C. 86
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Bruce B. SEVER, Appellant,
v.
Robert A. MOSBACHER, Secretary, Dept. of Commerce.
 No. 90-5299.
 United States Court of Appeals, District of Columbia Circuit.
 June 12, 1991.
 
 Before WALD, HARRY T. EDWARDS and STEPHEN F. WILLIAMS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellant's request for a remand, or, in the alternative, to hold in abeyance, the motion for summary affirmance and the opposition thereto, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted in part. The district court was clearly correct in holding that appellant had not properly pleaded a case of unlawful failure to promote and is therefore not entitled to damages. See Bundy v. Jackson, 641 F.2d 934, 951 (D.C.Cir.1981) (discussing elements of failure to promote claim). The merits of the parties' positions on this issue are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). It is
 
 
 3
 FURTHER ORDERED that the request for remand be granted in part, and that appellant's claims of discriminatory harassment be remanded to the district court for consideration along with appellant's pending challenge to his termination in C.A. 91-0340, Sever v. Mosbacher. Appellant's harassment claims are not moot at this juncture because appellant's challenge to his termination is still proceeding in district court. Cf. Katz v. Dole, 709 F.2d 251 (4th Cir.1983) (case not moot because agency challenge ongoing); Hampton v. IRS, 913 F.2d 180, 182 (5th Cir.1990) (dismissing race discrimination claim as moot where appellant had failed to pursue administrative remedies with regard to his termination).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.