968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Catherine LADNER, Plaintiff-Appellee,
v.
THORNTON TOWNSHIP and Thornton Township Youth Committee,
Inc., Defendants-Appellants.
 No. 91-2087.
 United States Court of Appeals, Seventh Circuit.
 Argued April 16, 1992.
Decided July 14, 1992.
 
 Before BAUER, Chief Circuit Judge, FLAUM, Circuit Judge, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The only issue before us on appeal is whether the district court properly denied a motion for Rule 11 sanctions filed by defendants Thornton Township and Thornton Township Youth Committee, Inc. (collectively "Thornton Township" or "TTYC"), against plaintiff Catherine Ladner.
 
 I.
 
 2
 Ladner was employed by Thornton Township as a social worker at the TTYC, a non-profit community social services organization. When an opening arose for the TTYC executive director, a position which required a masters degree, five years administrative experience, and "excellent communications skills," Ladner applied for the job. After the Thornton Township Board of Trustees selected a white applicant over Ladner, who is black, she responded by filing suit against Thornton Township and the TTYC, alleging employment discrimination under Title VII, and deprivation of her constitutional rights under 42 U.S.C. §§ 1981 and 1983. Ladner's suit also alleged that Thornton Township had a policy of "hiring from within" that favored current employees of Thornton Township over outsiders, a policy which had a discriminatory impact on minority job applicants.
 
 
 3
 Ladner claimed she was fully qualified for the job: she had a masters degree in communications, 15 credit hours toward her doctorate, and substantial administrative experience, including her duties as a social worker at the TTYC, her role as coordinator of the TTYC's Harvey Outreach Center, and her background as publisher of a local community newspaper. Ladner further claimed to have trained some 28 social work students during her tenure at the TTYC.
 
 
 4
 In response to this complaint, Thornton Township filed a Motion for a More Definite Statement, which the district court granted, leading Ladner to file an amended complaint in February 1988. She then engaged in several months of discovery which included taking the depositions of a number of Thornton Township officials. In June 1988, the district court dismissed the bulk of Ladner's amended complaint, but gave her leave to replead one of her four claims, advising her to reconsider whether her claim regarding defendant's alleged policy of "hiring from within" had any factual basis, and to carefully avoid vague allegations in any future pleadings. The court further instructed Ladner that at least two of her requested remedies--removal of a Township official and compensatory damages--were unavailable under Title VII. Ladner filed a second amended complaint in early July 1988, which the district court also dismissed.
 
 
 5
 Thornton Township filed this motion for sanctions under Fed.R.Civ.P. 11, alleging that Ladner's second amended complaint was frivolous. Rule 11 requires attorneys to make a reasonable inquiry into the factual and legal basis for every pleading, motion, or other document filed in federal court, see, e.g., Kapco Mfg. Co. v. C & O Enter., Inc., 886 F.2d 1485, 1491 (7th Cir.1989), and Thornton Township maintained that Ladner's counsel breached that rule by failing to make such an inquiry before filing Ladner's complaint. First, Thornton Township alleged the second amended complaint pled "facts" which were contradicted by various deposition testimony, thus violating the duty to make a reasonable inquiry into the facts before filing a pleading. Second, it claimed that Ladner's counsel knew, or should have known, that refiling previously dismissed claims, and seeking previously rejected relief, without leave to do so, was barred by res judicata, thus violating counsel's duty to make a reasonable inquiry into the law before filing a pleading. Thornton Township also sought sanctions under 27 U.S.C. § 1927 for counsel's alleged conduct in unreasonably multiplying proceedings, and reasonable attorneys' fees under 42 U.S.C. § 2000e-5(k) as the prevailing party against Ladner. The district court, adopting the magistrate's Report and Recommendation in full, denied any award of sanctions or costs, concluding that Ladner's second amended complaint was not frivolous. Our standard in reviewing the district court's decision to deny sanctions is a highly deferential one, and we look only for clear errors of fact or an abuse of discretion. Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 939 (7th Cir.1989) (en banc ). The relevant inquiry is not how we would review the issue as an original matter, but whether the district court's decision lacked any reasonable basis. See Walter v. Fiorenzo, 840 F.2d 427 (7th Cir.1988). Given this highly deferential standard of review, we are forced to conclude the district court did not abuse its discretion in denying Thornton Township's motion for sanctions. While this is admittedly a close case, one that we might well have decided differently as an original matter, we defer to the district court's findings in this case.
 
 II.
 
 6
 Thornton Township first asserts that the district court abused its discretion in disregarding several frivolous "facts" contained in Ladner's second amended complaint which were clearly contradicted by deposition testimony. See Margulin v. CHS Acquisition Corp., 1989 WL 32878, 1989 U.S. Dist. LEXIS 3463 (N.D.Ill.1989) (awarding Rule 11 sanctions after plaintiff's deposition testimony contradicted material allegations in the complaint). We conclude that the district court did not abuse its discretion in making these findings.
 
 
 7
 The first allegedly frivolous fact contained in Ladner's second amended complaint is her assertion that she trained at least 28 social work students while employed by the TTYC. At Ladner's deposition, she testified that she could not remember specifics about these alleged students, and that she did not attend a school with a social work curriculum and did not know what such a curriculum would include. The district court concluded that these weaknesses in Ladner's testimony did not overcome the fact that she had indeed claimed to have trained at least 28 social work students.
 
 
 8
 Ladner's second allegedly frivolous assertion was her claim to have had administrative experience. Thornton Township maintains her deposition testimony revealed that, aside from her experience at the TTYC as an outreach worker, a family counselor, and then coordinator of the Harvey Outreach Center, Ladner's only other work experience was bookkeeping and secretarial work. The district court found no contradiction between Ladner's claimed work experience and her actual work experience. As coordinator of the Harvey Outreach Center, Ladner supervised several workers, ran the office, and implemented several social programs. Moreover, Ladner's lack of experience as an agency director, Thornton Township's assertion notwithstanding, did not necessarily mean she had inadequate administrative experience to handle the job.
 
 
 9
 The third allegedly frivolous claim was Ladner's declaration that Thornton Township maintained a policy of hiring from within. Thornton Township contends that the deposition testimony of Michael Rubino, the former executive director of the TTYC, clearly contradicts this allegation and further, that affidavits submitted by other TTYC officials stated that several past directors had been hired from outside sources. The district court concluded that the deposition of Rubino did not refute, and in fact supported, Ladner's allegation. The district court carefully examined Rubino's testimony and concluded that, although reasonable minds could differ, Ladner's claim of a written policy was well-grounded in fact.
 
 
 10
 The final allegedly frivolous fact was Ladner's statement that she had completed 15 hours of graduate work toward her doctorate. Ladner failed to offer any evidence of this graduate work, claiming that she was unable to obtain her transcript because the university had closed. The district court concluded that Ladner's claim was unsubstantiated and hence frivolous. Notwithstanding that conclusion, the district court decided that this single instance of wrongdoing did not support sanctions against Ladner.
 
 
 11
 As noted, the standard in reviewing a decision to grant or deny sanctions is a highly deferential one. That deference stems from the trial court's "intimate familiarity with the relevant proceedings" and its ability to observe "whether counsel has conducted the kind of inquiry required by Rule 11." Beverly Gravel, Inc. v. DiDomenico, 908 F.2d 223, 225 (7th Cir.1990) (quoting Mars Steel, 880 F.2d at 933). What constitutes a reasonable effort is a fact-specific inquiry that depends on such factors as attorney time constraints and the complexity of the legal issues. See Fred A. Smith Lumber Co. v. Edidin, 845 F.2d 750, 751 (7th Cir.1988). Here, the magistrate filed a detailed Report and Recommendation, which the district court adopted in full. We find no abuse of discretion in its decision to deny sanctions.
 
 III.
 
 12
 Thornton Township next asserts that the district court abused its discretion in finding that Ladner's second amended complaint was well grounded in law.
 
 
 13
 The district court had earlier dismissed Ladner's original amended complaint with limited leave to refile her Title VII and § 1981 race discrimination claims. Nonetheless, Ladner's attorney ignored those instructions, Thornton Township contends, by refiling verbatim the entire Title VII count, along with a prayer for relief encompassing remedies that the district court had declared unavailable. Thornton Township contends that this claim was barred by established principles of res judicata and that Ladner needlessly increased the cost of litigation by filing a repetitious amended complaint. See Cannon v. Loyola Univ. of Chicago, 784 F.2d 777, 782 (7th Cir.1986), cert. denied, 479 U.S. 1033 (1987). Thornton Township further asserts that Ladner's response to its motion for sanctions completely failed to address the substantive issues it raised, for it merely cited two cases for the proposition that "vigorous enforcement by private action is encouraged in the national effort to end discrimination," without distinguishing any of the cases Thornton Township raised. It contends that this legally bereft response is inexcusable conduct coming from a seasoned civil rights attorney.
 
 
 14
 The district court rejected this argument, apparently finding that the second amended complaint, although repetitious in part, did add some facts to the original charges in an attempt to make out a cognizable racial discrimination claim. The court also noted that Ladner's action was probably impeded by the fluid and complex nature of this area of law. Cf. Brown v. Federation of State Medical Boards, 830 F.2d 1429, 1436 (7th Cir.1987) (complexity of state action doctrine affects reasonableness of attorney's inquiry). Although Ladner's conduct in filing an amended complaint with few changes skirted close to the line, we find that the district court did not abuse its discretion in denying sanctions. Employment discrimination is notoriously difficult to prove. While the standard for Rule 11 sanctions remains the same in discrimination cases, nothing in the rule "prevents a court qua factfinder from considering the inherent proof difficulties placed upon a discrimination plaintiff ... when evaluating a request for Rule 11 relief." Tutton v. Garland Indep. School Dist., 733 F.Supp. 1113, 1119 (N.D.Tex.1990).
 
 
 15
 Moreover, in dismissing much of Ladner's original complaint, the district court expressly invited Ladner to replead a portion of her complaint. Ladner took the court up on its invitation by filing a second amended complaint which, although repetitious and, perhaps, unartful, did attempt to reshape her discrimination claim into a meritorious one that could withstand summary judgment. Her unsuccessful attempt to do so, in the district court's view, did not warrant sanctions and we find no abuse of discretion in reaching that decision. See Stern v. Leucadia Nat'l Corp., 844 F.2d 997, 1005 (2d Cir.) (declining to sanction a plaintiff for filing a repetitious amended complaint), cert. denied, 488 U.S. 852 (1988). As for the relief Ladner sought under Title VII, although virtually all precedent rejects compensatory damages under Title VII, here, too, we find that the district court did not abuse its discretion in declining to sanction Ladner for making such a request. See Bennett v. Corroon & Black Corp., 845 F.2d 104, 107 (5th Cir.1988) (rejecting sanctions against a plaintiff who sought compensatory damages under Title VII), cert. denied, 489 U.S. 1020 (1989).
 
 
 16
 Thornton Township adds one additional contention: that it was an abuse of discretion for the district court to enter an order denying sanctions without explanation. After the magistrate entered his Report and Recommendation denying sanctions, Thornton filed an objection to that report asking for reconsideration by the district court. The district court subsequently entered a minute order adopting the Magistrate's report in full without further comment. Given the serious nature of Ladner's alleged breach of Rule 11, Thornton Township contends, it was an abuse of discretion for the district court to fail to respond to its objections to the magistrate's report. See Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1084 (7th Cir.1987), (courts must take seriously, colorable requests for Rule 11 sanctions and adequately explain decision to deny sanctions), cert. dismissed, 485 U.S. 901 (1988); Dreis & Krump Mfg. v. International Assoc. of Machinists, 802 F.2d 247, 254-55 (7th Cir.1986) (court abused its discretion in denying, without explanation, sanctions against a plaintiff who filed an obviously meritless suit).
 
 
 17
 We reject this contention. A district court's duty in reviewing the recommendations of a magistrate is set out in 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72, which permit it the option of accepting, rejecting, or modifying the recommendation. Nothing therein suggests the district court must write a separate opinion on the matter. The cases cited by Thornton Township are inapposite as they do not involve review of a magistrate's written, detailed recommendation. It was thus not an abuse of discretion for the district court to adopt in full the magistrate's recommendation.
 
 IV.
 
 18
 Thornton also contends that the district court abused its discretion in refusing to impose sanctions against Ladner's attorney for unreasonably multiplying the proceedings under 27 U.S.C. § 1927. Fiorenzo, 840 F.2d at 433. Thornton alleges Ladner's attorney failed after repeated attempts to articulate a viable claim. After dismissing Ladner's amended complaint with leave to replead one of the counts, the court professed confusion as to the factual underpinnings of the complaint and cautioned counsel to be particularly careful in any subsequent pleadings. Thornton Township argues that Ladner second amended complaint, even after the district court's warning and extensive additional discovery, failed to articulate a colorable claim. Thornton Township maintains that this unreasonably and vexatiously multiplied proceedings and hence the district court abused its discretion in denying it an award of costs under § 1927.
 
 
 19
 We conclude that the district court did not abuse its discretion in rejecting such an award. "Because of its penal nature, § 1927 must be strictly construed. Before a court may assess fees under § 1927, the attorney must intentionally file or prosecute a claim that lacks a plausible legal or factual basis." Indianapolis Colts v. Baltimore, 775 F.2d 177, 182 (7th Cir.1985) (citations omitted). While Ladner's counsel may have engaged in unartful drafting, we do not think the district court erred in finding a lack of intent to file a vexatious suit.
 
 
 20
 Thornton Township also contends that the district court abused its discretion in declining to award it reasonable attorneys' fees as the prevailing party under 42 U.S.C. § 2000e-5(k), which allows a defendant to a Title VII action to seek reasonable attorney's fees where the plaintiff has filed a suit that is "frivolous, unreasonable, or without foundation." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). For the reasons outlined above, we again conclude that the district court did not abuse its discretion in rejecting an award of costs under this attorneys' fees statute.
 
 V.
 
 21
 Finally, Thornton Township seeks sanctions against Ladner under Rule 38 of the Federal Rules of Appellate Procedure for filing a warrantless cross-appeal against it.
 
 
 22
 The district court's order denying sanctions against Ladner was issued on April 16, 1991. Ladner filed a notice of cross-appeal to that order, as well as several other, much older, orders relating to the merits of the case. Thornton Township filed a motion to dismiss Ladner's cross-appeal, asserting that the cross-appeal was untimely because Ladner had failed to appeal within thirty days, Fed.R.App.P. 4(a)(1), of the order on November 9, 1989 granting summary judgment to Thornton Township. We granted Thornton Township's motion to dismiss the cross-appeal. Ladner v. Thornton Township, No. 91-2156 (7th Cir. Aug. 6, 1991).
 
 
 23
 Thornton Township asserts that Ladner's cross-appeal was frivolous for two reasons: first, because it was an appeal of Ladner's own victory--the April 16 order denied sanctions against Ladner--and second, because the cross-appeal from the other orders was clearly untimely under Rule 4(a)(1). Ladner provides no real justification for filing the cross-appeal. Cross-appealing one's own victory, along with attempting to revive the merits of a lost appeal via a collateral proceeding, is sanctionable conduct. Mars Steel, 880 F.2d at 938 (filing an appeal in which the result is foreordained is frivolous). Under revised Circuit Rule 38, effective February 1, 1992, before imposing sanctions we must provide reasonable notice that we are contemplating sanctions and an opportunity to respond. Ladner shall submit to the clerk of this Court within fifteen days of the date of this opinion any reasons it deems Rule 38 sanctions inappropriate. Thornton Township shall submit to the clerk of this Court, also within fifteen days, an accounting of its attorney's fees and costs in defending against Ladner's cross-appeal. In accordance with this opinion, the district court's decision to deny sanctions is AFFIRMED, and the defendant's request for Rule 38 sanctions is GRANTED.