# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-10109
Summary Calendar

ONESIMUS RODGERS,

Plaintiff-Appellant,

versus

BOBBY E. SCOTT, in his Capacity
as a District Director, Dallas
District, for the IRS, and/or in
his Individual Capacity,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(4:95-CV-649-A)

June 27, 1996

Before POLITZ, Chief Judge, KING and DENNIS, Circuit Judges.

PER CURIAM:*

Onesimus Rodgers, a federal employee with the Internal Revenue Service, appeals the

---

\* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

dismissal, for failure of subject matter jurisdiction, of his suit against Bobby E. Scott, District Director of the IRS, in an action under the Administrative Procedures Act, 5 U.S.C. §§ 702-04; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and the fifth amendment. Rodgers contends that the district court had jurisdiction because he exhausted all necessary administrative remedies before filing his action in federal court.

The Civil Service Reform Act is a comprehensive statute which provides an integrated system of administrative and judicial review of adverse personnel actions such as discrimination.[1] Rodgers may not circumvent the detailed scheme of the CSRA by invoking the more general APA.[2] Title VII is the exclusive judicial remedy for a federal employee's claim of discrimination.[3] Rodgers failed to exhaust his administrative remedies under this legislative scheme thereby precluding judicial review.[4]

Rodgers contends that the district court erred in dismissing the action against Scott in his individual capacity. Rodgers may not trump the administrative exhaustion requirements by bringing a tort action against his supervisor individually.[5]

Rodgers also maintains that the district court abused its discretion in granting defendant's motion to transfer venue from the Northern District of Texas, Dallas Division,

---

[1]**McAuliffe v. Rice**, 966 F.2d 979 (5th Cir. 1992); 5 U.S.C. § 2302.

[2]**Broadway v. Block**, 694 F.2d 979 (5th Cir. 1982).

[3]**Brown v. General Servs. Admin.**, 425 U.S. 820 (1976).

[4]**Tolbert v. United States**, 916 F.2d 245 (5th Cir. 1990).

[5]**Hampton v. Internal Revenue Serv.**, 913 F.2d 180 (5th Cir. 1990).

2

to the Northern District of Texas, Fort Worth Division. The district court did not abuse its

discretion in granting that motion because the action properly could have been brought in the

Fort Worth Division.[6]

AFFIRMED.

---

[6]<u>See</u> **Caldwell v. Palmetto State Sav. Bank**, 811 F.2d 916 (5th Cir. 1987); 42 U.S.C.
§ 2000e-5(f)(3).